IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **DYWANE HOWARD,** § | | |
| **TDCJ No. 02112310,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:20-cv-00132-O-BP | |
| § | | |
| **BRYAN COLLIER, Executive Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This habeas corpus case was referred to the undersigned automatically pursuant to Special Order 3 on October 21, 2020. ECF No. 2. Petitioner Dywane Howard ("Howard"), an inmate confined in the Pack I Unit of the Texas Department of Criminal Justice ("TDCJ") in Navasota, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Howard's Petition for Writ of Habeas Corpus (ECF No. 1).

**I.    FACTUAL BACKGROUND**

In his petition, Howard challenges the validity of his conviction of manufacture/deliver a controlled substance of greater than or equal to four grams but less than 200 grams in case number 2016-0032A-CR, in the 97th Judicial District Court of Archer County, Texas. ECF No. 1 at 2. On December 5, 2016, Howard pleaded guilty to the charge, and he was sentenced to thirty years imprisonment. *Id.* Howard did not file a direct appeal of his conviction.

On December 30, 2017, Howard filed an application for a state writ of habeas corpus in which he challenged the conviction. ECF No. 11-6 at 36-52. The Texas Court of Criminal Appeals

("TCCA") denied the application without written order on August 22, 2018. ECF No. 11-4. On June 16, 2020, Howard filed a second application for a state writ of habeas corpus, which the TCCA dismissed on August 26, 2020 as a subsequent application. ECF No. 11-14 at 36-54; ECF No. 11-13.

On October 9, 2020, Howard filed the instant petition. ECF No. 1. In it, he seeks reversal of his conviction based on his (1) trial counsel being ineffective when he did not investigate or research the relevant law and facts of the case; (2) rights being violated when he was arrested for possession of marijuana; (3) actual innocence that was never addressed in either of his state habeas applications; and (4) plea being involuntary due to the ineffective assistance of his counsel. *Id.* at 6-7, 14-26.

## II.     ANALYSIS

### A.     The AEDPA limitations period bars Howard's claims regarding his underlying conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

>>by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file a timely notice of appeal, his conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files a timely notice of appeal and the appellate court affirms, he has thirty days after the affirming court's judgment to file a petition for discretionary review ("PDR") with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari, his conviction becomes final on the date the Supreme Court issues an order regarding his conviction. Once his conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)-(D) do not apply.

Howard's conviction became final on January 4, 2017, thirty days after the execution of his judgment and sentence as he did not file a direct appeal. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. P. 26.2 (notice of appeal due thirty days after sentence imposed or appealable order entered or ninety days after sentence imposed if timely motion for new trial filed). AEDPA's one-year limitation period began running on the day Howard's conviction became final and ended on January 4, 2018. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here, as Howard does not assert a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1); *see also* ECF Nos. 1 and 13.

    1.  *Howard is not entitled to statutory tolling.*

AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2019). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

As noted above, Howard filed his first state habeas application on December 30, 2017, and the TCCA denied the application on August 22, 2018. Because the state habeas application was pending for 236 days, Howard is entitled to 236 days of tolling of the AEDPA limitation period. This extended the deadline for filing the instant petition to Tuesday, August 28, 2018. However, Howard did not file the instant federal habeas petition until October 9, 2020, 773 days after the limitations period had expired.

4

Howard filed his second state habeas application on June 16, 2020. Because the limitation period for filing a federal habeas petition under AEDPA had long-since expired before he filed his second application, his filing in the TCCA did not extend the deadline for filing the instant petition.

    2.  *Howard is not entitled to equitable tolling.*

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only in "rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [a petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citations omitted).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010) (per curiam). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Howard does not argue that he pursued habeas relief with reasonable diligence, and the record does not reflect that he did so. Howard's status as a *pro se* litigant and ignorance of the law

5

do not justify the application of equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000). Likewise, the passage of over two years from his conviction to the filing of the instant petition does not support equitable tolling. Moreover, Howard has not established that extraordinary circumstances prevented timely filing. The arguments in his petition and reply do not address the time between the expiration of the AEDPA period and the date that he filed his federal habeas petition. *See* ECF Nos. 1 and 13. While Howard argues that there was newly discovered evidence and that he was arrested on a "fake charge," these claims are wholly conclusory, and he provided no specific evidence to support his claims. ECF No. 13 at 7. Therefore, because Howard has not established the two elements required for equitable tolling, the Court should not apply that doctrine here.

        3.       *Howard's claim of actual innocence does not save his petition.*

The Supreme Court has held that a petitioner filing his first federal habeas petition may overcome AEDPA's one-year limitations period if the petitioner made a proper showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. at 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329). A credible actual innocence claim requires support from "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (citing *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

6

However, Howard waived any claim of actual innocence by pleading guilty in the state trial court. *See United States v. Vanchaik-Molinar,* 195 F. App'x 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."); *Dunning v. Lumpkin*, No. 4:20-cv-554-O, 2021 WL 288430, at *12 (N.D. Tex. Jan. 28, 2021) (voluntary and knowing plea of guilty waives actual-innocence claim); *Roots v. Davis,* No. 4:17-cv-432-O, 2018 WL 6171625, at *2 (N.D. Tex. Nov. 26, 2018) (same); *Coleman v. Davis,* No. 4:16-cv-314-Y, 20178 WL 106837, at *3 (N.D. Tex. Jan. 11, 2017) (same).

Howard claims that his guilty plea was involuntary due to ineffective assistance of counsel, but Howard has not presented evidence to support his claim of actual innocence. He has not provided any affidavits or other competent evidence to support his conclusory arguments regarding being arrested on a "fake possession charge of marijuana" that led to his conviction of manufacture/deliver a controlled substance of greater than or equal to four grams but less than 200 grams. Howard never denies possessing methamphetamine in his underwear while at the Archer County Jail. Instead, he attempts to assert an actual innocence claim on the basis that he would have never been caught if it were not for the "fake arrest" for possession of marijuana. Likewise, he provides no explanation for why these facts were not in his possession at the time of trial and at all times since then. As a result, these facts, even if supported by proper evidence, do not amount to "newly discovered evidence" under *Hancock* and *Moore* discussed above. Therefore, Howard's actual-innocence claim is not effective to excuse his challenge to a conviction that was filed years too late.

### III. CONCLUSION

Because Howard's challenge to his conviction is untimely, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Howard's Petition for Writ of Habeas Corpus (ECF No. 1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 1, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE